UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN REGER, et al., | Case No. 2:11-CV-03301-JAM-DAD |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |
| v. | |
| MOUNTAIN LIFEFLIGHT INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs Megan Reger's, individually and as Successor in Interest to Clinton Reger, and Kevin Eikleberry's as Guardian Ad Litem for Evan Reger and Matthew Reger (collectively "Plaintiffs") two Motions to Remand to State Court for Lack of Jurisdiction (Doc. ## 17, 32).[1]  Only Defendant American Eurocopter Corporation ("AEC") opposes both motions (Doc. ## 29, 35).

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled on April 11, 2012.

1

I.   BACKGROUND

Plaintiffs' allegations concern a helicopter crash on November 14, 2009 which resulted in Clinton Reger's death.  The helicopter was allegedly owned and operated by Defendant Mountain Lifeflight ("MLF"), a California corporation.  Plaintiffs assert six causes of action based on negligence and strict liability against the various defendants seeking to recover for Clinton Reger's death.  AEC removed this action (Doc. #1) from the Sacramento County Superior Court, State of California, claiming federal question and federal diversity jurisdiction.  Plaintiffs now seek to remand the action to state court, claiming that removal by the defendants was not authorized and the removal process was defective.

II.   OPINION

A.   Legal Standard for Motion to Remand

As this is a motion to remand pursuant to 28 U.S.C. § 1447(c), the issue to be decided is the Court's subject matter jurisdiction or lack thereof.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  The court must remand an action sua sponte if it determines that it lacks subject matter jurisdiction.  See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir.2003) ("[W]e have held that the district court must remand if it lacks jurisdiction.") (citing Sparta Surgical Corp. v. Nat'l Ass'n Sec.

Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.1998)).  The removal statute explains when removal is proper:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 .S.C. § 1441(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.1988); Takeda v. Northwestern National Life Insurance Co., 765 F.2d 815, 818 (9th Cir.1985)).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979)).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citing Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n. 3 (9th Cir.1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988)).

B. Diversity Jurisdiction

AEC opposes remand on the ground that defendant MLF, the only defendant that is a citizen of California, is a fraudulently joined or "sham" defendant.  AEC contends that the only claim against MLF, as Clinton Reger's employer, is through California's worker compensation system, making Plaintiffs' cause of action against MLF invalid.  Plaintiffs respond that Clinton Reger was employed by South Lassen EMS doing business as Plumas EMS, and that Clinton

3

Reger was not employed by MLF at the time of the crash. Therefore MLF is a proper defendant and complete diversity does not exist.

"In order for diversity jurisdiction to be present, there must be complete diversity such that each of the plaintiffs [is] a citizen of a different state than each of the defendants." Fisher v. Paul Revere Ins. Group, 55 F. App'x 412, 413 (9th Cir. 2002) (internal quotations omitted). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" United Computer Sys. v. AT&T Info. Sys., 298 F.3d 756, 761 (9th Cir. 2002) (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). "The standard is not whether [a plaintiff] will actually or even probably prevail on the merits, but whether there is any possibility that [she] may do so." Cont'l Ins. Co. v. Foss Mar. Co., No. C 02-3936 MJJ, 2002 U.S. Dist. LEXIS 20523, at *4 (N.D. Cal. Oct. 23, 2002).

Plaintiffs produced evidence that MLF was not Clinton Reger's employer at the time of the crash. Clinton Reger's W-2 lists Plumas EMS as his employer. (Fleshman's Decl., Doc. #19, Ex. E.) Plumas EMS is a fictitious business name registered to South Lassen EMS, Inc. (Fleshman's Decl., Ex. D.) Further, the state worker compensation proceedings involved Plumas EMS, not MLF. (Fleshman's Decl., Exs. G-I.) AEC responds that the W-2 is not necessarily dispositive of the employment issue, and that Plaintiffs should have presented evidence to satisfy a common law employment analysis.

To support its argument, AEC relies on news articles, an obituary, and the answer filed by MLF in an attempt to show that Clinton Reger was actually employed by MLF, not Plumas EMS. Plaintiffs correctly argue that these items are not evidence and/or they are inadmissible hearsay. AEC further argues, without citation to legal authority, that since Lassen EMS and MLF share an address, they should be considered the same entity. Left with only AEC's unsupported argument and Plaintiffs' contrary documentary evidence, the Court finds that AEC has not met its burden of showing that MLF was fraudulently joined. Accordingly, MLF's California citizenship precludes a finding of subject matter jurisdiction based on diversity of state citizenship. 28 U.S.C. § 1332(a).

C. Federal Preemption

AEC also argues that removal jurisdiction exists because Plaintiffs' negligence and strict liability claims are preempted by Federal Aviation Regulations ("FARs"). Plaintiffs respond that their claims are not preempted and are therefore not the proper basis for removal.

"[A] case may not be removed to federal court on the basis of a federal defense, including the defense of [federal] pre-emption. . . ." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). An exception to this rule is that if an area of state law is completely preempted by federal law, then the cause of action is considered as arising under federal law for removal purposes. Id.

In the area of aviation safety, Congress expressly preserved state law tort causes of action. Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc., 555 F.3d 806, 808 (9th Cir. 2009) (citing 49

U.S.C. § 40120(c) ("[a] remedy under this part is in addition to any other remedies provided by law.")). The Ninth Circuit interprets this provision to mean that state law causes of action are only preempted when the FARs in a certain area constitute pervasive regulation. Id. at 811. In the tort context, this type of preemption means that the state law standard of care is preempted in those areas that are subject to pervasive federal regulation. See id. ("when the [Federal Aviation Administration)] issues 'pervasive regulations' in an area . . . the [FARs] preempt[] all state law claims in that area. In areas without pervasive regulations or other grounds for preemption, the state standard of care remains applicable.")

In this case, despite AEC's argument to the contrary, it is clear that AEC offers preemption as a federal defense to state law claims. Martin specifically held that Congress did not preempt the entire field of aircraft regulation. Id. Where Congress has not preempted the entire field, federal preemption is limited to a federal defense and cannot be the basis for removal. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64 (1987) (complete preemption, which is grounds for removal, exists only in areas that are so completely preempted that any claim brought is necessarily federal in character). According to Martin, however, state law claims brought in the area of aircraft safety are not necessarily federal in nature. Martin, 555 F.3d at 811. Under Martin, the FARs, if sufficiently pervasive, only preempt the state law standard of care for Plaintiffs' claims, but not the state law claims themselves. Id.

It is clear under Martin that the Ninth Circuit does not

1 recognize field preemption, which would create federal subject
2 matter jurisdiction, for all aviation related state law tort
3 claims.  In the absence of complete preemption, AEC merely offers a
4 federal defense based on preemption to Plaintiffs' state law
5 claims.  See Taylor, 481 U.S. at 63.  Thus, federal question
6 jurisdiction for removal purposes cannot be based on preemption in
7 this instance.  Caterpillar, 482 U.S. at 393.

        D.    Procedural Propriety of Removal

9     Plaintiffs also argue that the removal procedure was defective
10 because not all Defendants consent to removal.  Defendants respond
11 that the defect has since been cured by MLF's consent to removal.
12 Removing Defendants may cure defects in a notice of removal prior
13 to the entry of judgment, rendering "remand on procedural grounds
14 an empty formality."  Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th
15 Cir. 1998) (superseded on other grounds).  Accordingly, the Court
16 declines to remand this case on procedural grounds.

17                                 III. ORDER

18     For the reasons discussed above, the Court GRANTS Plaintiffs'
19 Motion to Remand on the ground that the Court lacks subject matter
20 jurisdiction.  This action is hereby remanded back to the Superior
21 Court of California, Sacramento.  The Court orders the clerk to
22 close this case.

23     IT IS SO ORDERED.
24 Dated: April 16, 2012

                              JOHN A. MENDEZ,
                              UNITED STATES DISTRICT JUDGE